REQUESTED BY: Dear Senator Koch:
In your letter of April 20, 1979, you requested our opinion in respect to the constitutionality of two proposed amendments to LB 571. LB 571, as currently amended, is set out in the Legislative Journal, Eighty-Sixth Legislature, first session at pages 1423 through 1426, inclusive.
Two separate amendments were attached to your correspondence of April 20th, denominated amendment `A' and amendment `B.' Amendment `A' would change the proposed legislation, LB 571, as follows: the term `private industry' would be inserted before the word `municipalities' at section 1 of the bill, and also before the word `municipality' at section 6 and section 9 of the bill. The same term, `private industry' would also be inserted before the word `city' at section 11 and section 16 of the bill as proposed by your amendment `A.'
Amendment `B' would add the following language at section 18 of LB 571:
 "Sec. 18. Nothing in this act shall prohibit the State of Nebraska or any county or municipality from entering into an agreement with private industry for the operation of an alcohol plant or plants or facilities related to the production or storage of alcohol."
The practical effect of both amendment A and amendment B is to allow the state to enter into agreements with private enterprise, as well as municipal and county governments, in respect to the construction and leasing of gasohol production facilities. You have asked us to comment separately upon the constitutional implications of proposed amendments A and B, but because we believe the same constitutional problems would arise in the adoption of either amendment, we will treat them together in our ensuing discussion.
In an earlier opinion this year, we addressed constitutional questions relating to LB 571 by letter opinion of March 15, 1979, addressed to Senator Jerome Warner. (A copy of that opinion, 1979 Report of the Attorney General, No. 61 is enclosed herewith.) In that opinion, we reviewed the provisions of LB 571 which, at that time, authorized the Department of Economic Development to enter into agreements with counties and municipalities to develop grain alcohol plants and production facilities. We opined that the bill, on its face, did not appear to lend the credit of the state to private individuals, associations or corporations as proscribed by Article XIII, section 3 of the Nebraska Constitution. However, we cautioned that simply because legislation appeared constitutional on its face, such an observation did not mean that the legislation would be constitutional in all of its possible applications. Citing from an earlier opinion we had prepared for former Governor Exon, in respect to the constitutionality of LB 424, enacted by the 1978 Legislature and codified at section 66-801 et seq., R.S.Supp. 1978, we noted the following constitutional problem which could arise in the implementation of laws intended to promote gasohol production:
 ". . . Serious constitutional questions under Article XIII, section 3, would arise, for instance, if the grant would be made to a city, county, or village so that it could construct a plant . . . whereby the benefit of the grant would directly benefit a private corporation leasing or purchasing the plant from the city, county or village. In such a case, it could be argued the state is indirectly lending its credit to the private corporation."
Consistent with our earlier opinions, we believe proposed amendments A and B, if adopted, would make LB 571 very difficult to defend against a constitutional challenge that LB 571 extends the credit of the state to a private party in contravention of Article XIII, section 3 of the Nebraska Constitution.
In our opinion, the Nebraska Supreme Court case ofState ex rel. Beck v. City of York, 164 Neb. 223,82 N.W.2d 269 (1957) is controlling here. In that case, the court found that the building of industrial plants by the City of York, for subsequent leasing to private concerns, violated Article XIII, section 3 of the Constitution. In considering how the city's involvement extended the credit of the state to aid a private enterprise, the court noted:
 "It seems clear to us that the revenue bonds are issued by the city in its own name to give them a marketability and value which they would otherwise not possess. If their issuance by the city is an inducement to industry, some benefits must be conferred, or it would be no inducement at all. Such benefits, whatever form they may take, necessarily must be based on the credit of the city. The loan of its name by a city to bring about a benefit to a private project, even though general liability does not exist, is nothing short of a loan of its credit." (Emphasis added.) 164 Neb. at 227.
Applying this reasoning to the statutory changes proposed under amendments A and B, it seems clear to us that LB 571 could be construed as a direct inducement to private industry to enter into agreements with the state for the construction of alcohol plants. The state's guarantee of lease payments, as set out at section 6, albeit limited to periods of 12 months, or from appropriation to appropriation, appears to us to constitute an extension of the state's credit under the reasoning of the York case.
We are certainly not unmindful of the Legislature's expressed interest in the promotion of gasohol production. However, it is one thing for the state, in a proprietary capacity, to become directly involved in gasohol production as a public business, potentially competing with private enterprise. It is quite another matter for the state to utilize public funds, as are generated under LB 571 by additional motor fuel taxes, to provide an incentive to particular types of private businesses working, for all practical purposes, as a partner with the state. As the court noted inOxnard Sugar Beet Co. v. State, 73 Neb. 66, 68,105 N.W. 716 (1905):
 ". . . The legislature cannot appropriate the public monies of the state to encourage private enterprises. The manufacturing of sugar and chicory is a private enterprise, and the public money or credit cannot be given or loaned in aid of any individual, association or corporation carrying on such enterprises. . . ."
The production of gasohol and other alcohol products is also a private enterprise. While Article XIII of the Constitution provides certain limited guidelines for counties and cities to become involved in industrial development, such as set out at section 2 of Article XIII, these separate provisions are not at issue here. Rather, the proposed amendments A and B would allow the state to contract directly with private industries and would, in our opinion, depreciate the risk involved in private gasohol production at the expense of the state's credit.
In accordance with the judicial precedent we have cited above, we believe proposed amendments A and B would render LB 571 unconstitutional in light of the prohibitions of ArticleXIII, section 3 of the Nebraska Constitution.